JUDGE LYNCH

Gibney, Anthony & Flaherty, LLP
John Macaluso (JM 2058)
665 Fifth Avenue
New York, New York 10022
Telephone (212) 688-5151
Facsimile (212) 688-8315
E-mail: jmacaluso@gibney.com

'08  CIV  4073

*Of Counsel:*
STEPHEN M. GAFFIGAN, P.A.
Stephen M. Gaffigan
312 S.E. 17th Street – Second Floor
Ft. Lauderdale, Florida 33316
Telephone (954) 767-4819
Facsimile (954) 767-4821
Email: stephen@smgpa.net



RECEIVED
APR 3 0 2008
U.S.D.C. S.D. N.Y.
CASHIERS

Attorneys for Plaintiff
Chanel, Inc.

## THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHANEL, INC., a New York Corporation, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) ) |
| CONNIE FRALEY a/k/a CONNIE GAULT a/k/a CONNIE COCHRELL d/b/a CHANELIMAGE.COM d/b/a ALLEGHANY MOON d/b/a ALLEGHANYMOONVARIETYSTORE. COM and DOES 1-10, | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) ) |

CASE NO.

**COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF**

Plaintiff, CHANEL, INC., a New York corporation ("Chanel") hereby sues Defendants, CONNIE FRALEY a/k/a CONNIE GAULT a/k/a CONNIE COCHRELL d/b/a CHANELIMAGE.COM d/b/a ALLEGHANY MOON d/b/a ALLEGHANYMOONVARIETYSTORE.COM ("Fraley") and DOES 1 – 10 (collectively "Defendants") and alleges as follows:

## JURISDICTION AND VENUE

1. This is an action pursuant to (i) 15 U.S.C. §§ 1114, 1116, 1121 and 1125(a). Furthermore, this is an action where diversity of citizenship exists and the amount in dispute exceeds $75,000.00. Accordingly, this Court has jurisdiction under 28 U.S.C. §§ 1331, 1332 and 1338. Venue is proper in this Court pursuant 28 U.S.C. § 1391 since the named Defendants conduct business with consumers within this Judicial District through at least the fully interactive Internet websites ChanelImage.com and AlleghanyMoonVarietyStore.com.

## THE PARTIES

2. Chanel is a corporation duly organized under the laws of the State of New York with its principal place of business in the United States located at Nine West 57th Street, New York, New York 10019. Chanel is, in part, engaged in the business of manufacturing and distributing throughout the world, including within this Judicial District, high quality handbags, and sunglasses under the Federally registered trademarks CHANEL, and CC MONOGRAM (collectively the "Chanel Marks").

3. Fraley is an individual who, upon information and belief, resides at 45 Harrisburg Run, Bradford, Pennsylvania 16701, and conducts business at said address within this jurisdiction through the operation of the fully interactive websites, ChanelImage.com and

AlleghanyMoonVarietyStore.com.    Fraley uses the names "ChanelImage.com," "Alleghany Moon," and "AlleghanyMoonVarietyStore.com" as aliases to operate her business.  Fraley is the moving and conscious force behind the operation of ChanelImage.com and AlleghanyMoonVarietyStore.com.

4.    Upon information and belief, Fraley is directly engaging in the sale of counterfeit and infringing products within this District as alleged herein.

5.    Defendant Does 1-5 are, upon information and belief, individuals who reside and/or conduct substantial business within this Judicial District.  Further, Does 1-5 are directly and personally contributing, inducing and engaging in the sale of counterfeit products as alleged herein as partners or suppliers to the named Defendants.    Chanel is presently unaware of the true names of Does 1-5.  Chanel will amend this Complaint upon discovery of the identities of such fictitious defendants.

6.    Defendants Does 6-10 are business entities which, upon information and belief, reside and\or conduct business within this Judicial District.  Moreover, Does 6-10 are, upon information and belief, directly engaging in the sale of counterfeit products as alleged herein as partners or suppliers to the named Defendants.   Chanel is presently unaware of the true names of Does 6-10.  Chanel will amend this Complaint upon discovery of the identities of such fictitious defendants.

## COMMON FACTUAL ALLEGATIONS

7.    Chanel is the owner of the following United States Federal Trademark Registrations:

| Mark | Reg. No. | Reg. Date |
|------|----------|-----------|
| CHANEL | 0,626,035 | May 1, 1956 |

3

| | | |
|---|---|---|
| CC MONOGRAM | 3,025,934 | December 13, 2005 |
| CC MONOGRAM | 1,314,511 | January 15, 1985 |
| CC MONOGRAM | 2,880,780 | September 7, 2004 |
| CC MONOGRAM | 1,734,822 | November 24, 1992 |
| CHANEL | 1,347,677 | July 9, 1985 |
| CHANEL | 1,733,051 | November 17, 1992 |
| CHANEL | 1,510,575 | November 1, 1988 |
| CC MONOGRAM | 1,654,252 | August 20, 1991 |
| CC MONOGRAM | 3,025,936 | December 13, 2005 |

which are registered in International Classes 9 and 18 and are used in connection with manufacture and distribution of, among other things, high quality handbags and sunglasses.

8.      The Chanel Marks have been used in interstate commerce to identify and distinguish Chanel's high quality handbags and sunglasses, and other goods for an extended period of time.

9.      The Chanel Marks have never been assigned or licensed to any of the Defendants in this matter.

10.      The Chanel Marks are symbols of Chanel's quality, reputation and goodwill and have never been abandoned.

11.      Further, Chanel has expended substantial time, money and other resources developing, advertising and otherwise promoting the Chanel Marks. The Chanel Marks qualify as famous marks as that term is used in 15 U.S.C. §1125(c)(1).

12.    Chanel has extensively used, advertised and promoted the Chanel Marks in the United States in association with the sale of high quality handbags and sunglasses, and other goods and has carefully monitored and policed the use of the Chanel Marks.

13.    As a result of Chanel's efforts, members of the consuming public readily identify merchandise bearing the Chanel Marks, as being high quality merchandise sponsored and approved by Chanel.

14.    Accordingly, the Chanel Marks have achieved secondary meaning as identifiers of high quality handbags and sunglasses, and other goods.

15.    Upon information and belief, at all times relevant hereto, the Defendants in this action had full knowledge of Chanel's ownership of the Chanel Marks, including their exclusive right to use and license such intellectual property and the goodwill associated therewith.

16.    Chanel has discovered the Defendants are promoting and otherwise advertising, distributing, selling and/or offering for sale counterfeit products, including at least high quality handbags and sunglasses, and other goods bearing trademarks which are exact copies of the Chanel Marks (the "Counterfeit Goods").    Specifically, upon information and belief, the Defendants are using the Chanel Marks in the same stylized fashion, for different and inferior quality goods.

17.    Upon information and belief, the Defendants' Counterfeit Goods are of a quality substantially different to that of Chanel's genuine goods.    Despite the nature of their Counterfeit Goods and the knowledge they are without authority to do so, the Defendants, upon information and belief, are actively using, promoting and otherwise advertising, distributing, selling and/or offering for sale substantial quantities of their Counterfeit Goods with the knowledge that such goods will be mistaken for the genuine high quality products offered for sale by Chanel.    The net

effect of the Defendants' actions will be to result in the confusion of consumers who will believe the Defendants' Counterfeit Goods are genuine goods originating from and approved by Chanel.

18.     Upon information and belief, the Defendants import and/or manufacture their Counterfeit Goods and advertise those goods for sale to the consuming public.  In so advertising these products, the Defendants use the Chanel Marks.   Indeed, the Defendants herein, upon information and belief, misappropriated Chanel's advertising ideas and entire style of doing business with regard to the advertisement and sale of Chanel's genuine products.   Upon information and belief, the misappropriation of Chanel's advertising ideas in the form of the Chanel Marks has occurred, in part, in the course of Defendants' advertising activities and has been the proximate cause of damage to Chanel.

19.     Upon information and belief, the Defendants are conducting their counterfeiting and infringing activities at least within this Judicial District and elsewhere throughout the United States.  As a result, the Defendants are defrauding Chanel and the consuming public for the Defendants' own benefit.   Defendants' infringement and disparagement of Chanel does not simply amount to the wrong description of their goods or the failure of the goods to conform to the advertised quality or performance.

20.     The Defendants' use of the Chanel Marks, including the importation, promotion and advertising, reproduction, distribution, sale and offering for sale of their Counterfeit Goods, is without Chanel's consent or authorization.

21.     Further, the Defendants may be, upon information and belief, engaging in the above-described illegal counterfeiting and infringing activities knowing and intentionally or with reckless disregard or willful blindness to Chanel's rights for the purpose of trading on the goodwill and reputation of Chanel.  If the Defendants' intentional counterfeiting and infringing

activities are not preliminarily and permanently enjoined by this Court, Chanel and the consuming public will continue to be damaged.

22.     The Defendants' above identified infringing activities are likely to cause confusion, deception and mistake in the minds of consumers, the public, and the trade. Moreover, the Defendants' wrongful conduct is likely to create a false impression and deceive customers, the public, and the trade into believing there is a connection or association between Chanel's genuine goods and the Defendants' Counterfeit Goods.

23.     Chanel has no adequate remedy at law.

24.     Chanel is suffering irreparable injury and has suffered substantial damages as a result of the Defendants' counterfeiting and infringing activities.

25.     The injuries and damages sustained by Chanel have been directly and proximately caused by the Defendants' wrongful importation, reproduction, use, advertisement, promotion, offering to sell, and sale of their Counterfeit Goods.

26.     Chanel has retained the undersigned counsel to represent them in this matter and is obligated to pay said counsel a reasonable fee for such representation.

**COUNT I - TRADEMARK COUNTERFEITING AND INFRINGEMENT**

27.     Chanel hereby readopts and realleges the allegations set forth in Paragraphs 1 through 26 above.

28.     This is an action for trademark counterfeiting and infringement against the Defendants based on their promotion, advertisement, distribution, sale and/or offering for sale of the Counterfeit Goods bearing the Chanel Marks.

29.     Specifically, the Defendants, upon information and belief, are importing or manufacturing, promoting and otherwise advertising, selling, offering for sale and distributing

counterfeit and infringing handbags and sunglasses, and other goods bearing the Chanel Marks. The Defendants are continuously infringing and inducing others to infringe the Chanel Marks by using them to advertise, promote and sell counterfeit handbags and sunglasses, and other goods.

30.    Defendants' counterfeiting and infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods bearing the Chanel Marks.

31.    The Defendants' unlawful actions have caused and are continuing to cause unquantifiable damages to Chanel.

32.    Defendants' above-described illegal actions constitute counterfeiting and infringement of the Chanel Marks in violation of Chanel's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

33.    Chanel has suffered and will continue to suffer irreparable injury due to the above described activities of the Defendants if the Defendants are not preliminarily and permanently enjoined.

### COUNT II - FALSE DESIGNATION OF ORIGIN PURSUANT TO § 43(a) OF THE LANHAM ACT

34.    Chanel hereby readopts and realleges the allegations set forth in Paragraphs 1 through 26 above.

35.    The Defendants' Counterfeit Goods bearing the Chanel Marks have been widely advertised and distributed throughout the United States.

36.    The Defendants' Counterfeit Goods bearing the Chanel Marks are virtually identical in appearance to each of Chanel's respective genuine goods.  However, the Counterfeit Goods are different and likely inferior in quality.  Accordingly, the Defendants' activities are

likely to cause confusion in the trade and among the general public as to at least the origin or sponsorship of the Counterfeit Goods.

37.    The Defendants, upon information and belief, have used in connection with their sale of Counterfeit Goods, false designations of origins and false descriptions and representations, including words or other symbols and trade dress which tend to falsely describe or represent such goods and have caused such goods to enter into commerce with possible knowledge of the falsity of such designations of origin and such descriptions and representations, all to the detriment of Chanel.

38.    Specifically, the Defendants, upon information and belief, have authorized an infringing use of the Chanel Marks, in the Defendants' advertisement and promotion of their counterfeit and infringing handbags and sunglasses, and other goods. The Defendants, upon information and belief, have misrepresented to members of the consuming public that the Counterfeit Goods being advertised and sold by them are genuine, non-infringing products.

39.    The Defendants' above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

40.    Chanel has sustained injury and damage caused by Defendants' conduct, and absent an entry of an injunction by this Court, Chanel will continue to suffer irreparable injury to their goodwill and business reputation as well as monetary damages.

## COUNT III - CLAIM FOR RELIEF FOR CYBERPIRACY UNDER §43(d) OF THE LANHAM ACTION (15 U.S.C. §1125(d)

41.    Plaintiff hereby readopts and realleges the allegations set forth in Paragraphs 1 through 26 above.

42.    At all times relevant hereto, Plaintiff has been and still is the owner of the rights, title and interest in and to the Chanel Marks.

43.    Upon information and belief, the Defendants have acted with the bad faith intent to profit from the Chanel Marks and the goodwill associated with the Chanel Marks by registering domain names, including ChanelImage.com which is identical, confusingly similar to or dilutive of the Chanel Marks.

44.    Defendants have no intellectual property rights in and to the Chanel Marks.

45.    Defendants' actions constitute cyberpiracy in violation of §44(d) of the Lanham Act, 15 U.S.C. §1125(d).

46.    Defendants' conduct is done with knowledge and constitutes a willful violation of Plaintiff's rights in the Chanel Marks. At a minimum, Defendants' conduct is in reckless disregard of Plaintiff's rights or demonstrates willful blindness to Plaintiff's rights.

47.    The aforesaid conduct is causing Plaintiff immediate and irreparable injury. Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

48.    WHEREFORE, Chanel's demand judgment jointly and severally against the Defendants as follows:

a.    The Court enter a preliminary and permanent injunction enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their Counterfeit Goods; from infringing, counterfeiting, or diluting the Chanel Marks; from using the Chanel Marks, or any mark or trade dress similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name or trademark or trade dress which may be calculated to falsely advertise the services or products of the Defendants as being sponsored by, authorized by,

endorsed by, or in any way associated with Chanel, from falsely representing themselves as being connected with Chanel, through sponsorship or association, or engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of the Defendants, or in any way endorsed by, approved by, and/or associated with Chanel; from using any reproduction, counterfeit, copy, or colorable imitation of the Chanel Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by the Defendants, including, without limitation, handbags and sunglasses, and other goods; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendants' goods as being those of Chanel, or in any way endorsed by Chanel and from offering such goods in commerce; and from otherwise unfairly competing with Chanel.

b.    The Defendants be required to account to and pay Chanel for all profits and damages resulting from Defendants' trademark infringing and counterfeiting activities and that the award to Chanel be trebled, as provided for under 15 U.S.C. §1117, or, at Chanel's election with respect to Count I, that Chanel be awarded statutory damages from each of the Defendants in the amount of one million ($1,000,000.00) dollars per each counterfeit Chanel Mark used and product sold, as provided by 15 U.S.C. §1117(c)(2) of the Lanham Act.

c.    The Defendants be required to account to and pay Chanel for all profits and damages resulting from Defendants' cyberpiracy activities and that the award to Chanel be trebled, as provided for under 15 U.S.C. §1117, or, at Chanel's election with respect to Count III, that Chanel be awarded statutory damages from the Defendants in the amount of one hundred thousand dollars ($100,000.00) per pirated domain name used as provided by 15 U.S.C. §1117(d) of the Lanham Act.

d.    Chanel be awarded punitive damages.

e.    Chanel be awarded pre-judgment interest on its respective judgment.

f.    That Defendant be required to immediately assign all right, title and interest in the domain name www.ChanelImage.com to Plaintiff.

g.    Chanel be awarded their costs and reasonable attorneys' fees and investigators' fees associated with bringing this action.

h.    Chanel be awarded such other and further relief as the Court may deem just and proper.


DATED this 29th day of April, 2008.



Respectfully submitted,


John Macaluso
Gibney, Anthony & Flaherty, LLP
665 Fifth Avenue
New York, New York 10022
Telephone (212) 688-5151
Facsimile  (212) 688-8315
E-mail:  JMacaluso@Gibney.com


*Of Counsel:*
STEPHEN M. GAFFIGAN, P.A.
Stephen M. Gaffigan
312 S.E. 17th Street – Second Floor
Ft. Lauderdale, Florida 33316
Telephone (954) 767-4819
Facsimile (954) 767-4821
Email: stephen@smgpa.net

Attorneys for Plaintiff, Chanel, Inc.